IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| DISTRICT TITLE, a corporation,<br><br>    Plaintiff,<br><br>v.<br><br>ANITA K. WARREN, et al.,<br><br>    Defendants. | Civil Action No.: 1:14-cv- 1808 ABJ DAR |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DISTRICT TITLE'S MOTION FOR FEES AND COSTS PURSUANT TO MINUTE ORDER GRANTING LEAVE TO FILE REQUEST FOR FEES AND COSTS DATED SEPTEMBER 15, 2017**

COMES NOW Plaintiff District Title, a Corporation ("District Title" or "Plaintiff"), by and through undersigned counsel, and hereby requests that this Honorable Court award it the fees and costs requested in its Motion for Fees and Costs Pursuant to Order granted District Title leave to seek fees and costs related to the deposition of Matthew LeFande scheduled for August 10, 2017 (the "Motion for Fees"). In support thereof, the Plaintiff states as follows:

**INTRODUCTION**

Despite repeated orders of this Court and diligent efforts by District Title to take Matthew LeFande's deposition, Mr. LeFande has not been deposed. Mr. LeFande has repeatedly refused to appear for his deposition to be taken, which has resulted in prejudice and harm to District Title. Mr. LeFande's behavior and actions throughout this litigation have served no purpose other than to delay justice and inflict harm upon District Title.

Following the entry of the Court's Memorandum Opinion and Order on June 2, 2017, counsel for District Title requested, via email and mail, that Mr. LeFande provide dates upon

which he would be available for a deposition during the week of July 10, 2017.  See copy of email and letter dated June 13, 2017 attached hereto as **Exhibits 1 and 2**.  Mr. LeFande did not respond to the letter or email.

Rather than respond to the request and make himself available, Mr. LeFande filed his objections to the Memorandum Opinion and Order on June 16, 2017.  District Title then filed its reply on June 30, 2017.  On July 14, 2017, a Memorandum Opinion and Order of Judge Amy Berman Jackson overruling Mr. LeFande's objections was docketed.

Mr. LeFande's objections having been overruled, District Title requested on July 24, 2017, by letter sent via email and overnight delivery that Mr. LeFande provide District Title's counsel with his availability for a deposition to occur August 9th, 10, or 11th, 2017.  See copy of email and letter dated July 24, 2017 attached hereto as **Exhibits 3 and 4**.  As before, Mr. LeFande did not respond to the request.

When Mr. LeFande did not provide District Title's counsel with his availability, a deposition was noted for August 10, 2017 and a subpoena commanding his appearance dated July 27, 2017 was issued.  See copy of subpoena and Notice of Videotaped Oral Deposition and Deposition Duces Tecum attached hereto as **Exhibit 5**.  The notice of deposition was sent by mail to Mr. LeFande, and multiple attempts were made to personally serve Mr. LeFande with the subpoena and notice of deposition.  See affidavit attached hereto as **Exhibit 6**.

Because Mr. LeFande was evading service, counsel for District Title contacted Mr. LeFande via email to determine if there may be a convenient time and location at which Mr. LeFande would be available to accept service.  See copy of email dated August 3, 2017 attached hereto as **Exhibit 7.**  Once again, Mr. LeFande did not respond to a communication from District Title's counsel.

The deposition remained set for August 10, 2017 at 10:00 a.m.  Mr. LeFande did not appear for the deposition.  As a result of Mr. LeFande's evasive and obstructionist actions, District Title has incurred additional, and unnecessary, legal fees and expenses.  In addition to the legal fees and expenses sought herein, Mr. LeFande's actions invite consideration of further and alternative sanctions.

## ARGUMENT

District Title should be awarded attorneys' fees and costs incurred by District Title related to the deposition noticed for August 10, 2017 to be paid by Matthew LeFande.

The District of Columbia generally follows the American Rule regarding an award of attorneys' fees.  *Oliver T. Carr Co. v. United Techs. Comm. Co.,* 604 A.2d 881, 881 (D.C. 1992).  Under the American Rule, each party bears the burden of its incurred attorneys' fees, unless there is statutory authority, a contract, or other narrowly-defined exceptions whereby attorneys' fees may be awarded to the prevailing party.  *Id.*

"The usual method of calculating reasonable attorneys' fees is to multiply the hours Reasonably expended in the litigation by a reasonable hourly fee, producing the 'lodestar' amount".  *Bd. Of Trs. Of Hotel & Rest. Emps. Local 25 v. JPR, Inc.,* 136 F. 3d 794, 801 (D.C. Cir. 1998).  The burden is on the party requesting attorneys' fees to establish the reasonableness of the fees requested.  *Role Models Am., Inc. v. Brownlee,* 353 F.3d 962, 970 (D.C.Cir. 2004).  The burden is satisfied by "submitting an invoice that is sufficiently detailed to 'permit the District Court to make an independent determination whether or not the hours claimed are justified".  *Holbrook v. District of Columbia,* 305 F. Supp.2d 41, 45 (D.D.C. 2004) (quoting *Nat's Ass'n of Concerned Veterans v. Sec'y of Def.,* 675 F.2d 1319, 1327 (D.C.Cir. 1982).

3

### I. Hours Reasonably Expended

A petition for a fee award must include "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work with supporting documents, if any." *In re Donovan,* 877 F.2d 982,994 (D.C.Cir. 1989) (per curiam). A fee petition does not, however, have to detail the exact number of minutes expended or the exact billable activity to which that time was devoted. *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.,* 675 F.2d 1319, 1327 (D.C.Cir. 1982).

Attached to this motion are time records for this matter with the relevant time entries related to the time incurred in pursuing Mr. LeFande's attendance and preparation for the deposition. See **Exhibit 8**. Also attached, are copy of the invoice for the costs incurred as a result of Mr. LeFande's evasion of service of a subpoena and invoices for the costs incurred for the services of a court reporter and videographer. See invoices attached hereto as **Exhibits 9, 10, and 11**. Additionally, affidavits of counsel for District Title are attached hereto as **Exhibits 12 and 13** in further support of the attorneys' fee request.

The total amount of billable time allocated by counsel for District Title to in this request is 8.3 hours. These amounts of time were arrived at by reviewing the relevant time entry documentation. District Title also request that the reasonable amount of fees for 1.5 hours incurred in the preparation of this motion also be paid by Mr. LeFande.

### II. Reasonable Hourly Rate

Just as the burden is on the fee petitioner to show that the amount of time expended was reasonable, the petitioner must also demonstrate that the hourly rate is reasonable. *Blum v. Stenson,* 465 U.S. 886, 895 n. 11 (1984). The reasonableness of a rate is determined by

examining whether the requested rate is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.*

One method of determining the reasonableness of a requested hourly rate is the United States Attorney's Office Matrix attached hereto as **Exhibit 14.** Under the Matrix from the United States Attorney's Office, a current reasonable hourly rate for David H. Cox, Esquire is $602.00 per hour, and $483.00 per hour for Brian W. Thompson, Esquire. Under the Adjusted *Laffey* Matrix, the current hourly rates are $864.00 per hour for David H. Cox, Esquire and $717.00 per hour for Brian W. Thompson, Esq. See **Exhibit 15.**

However, counsel for District Title does not seek the rates to which they may be entitled to under the matrices referenced above, but instead requests the reasonable hourly rates of $385.00 per hour and $300.00 per hour for David H. Cox, Esquire and Brian W. Thompson, Esquire, respectively. These rates are far below what is deemed reasonable under either of the matrices. The attached affidavits of counsel attest to the reasonableness of the hourly rates requested. See **Exhibits 12 and 13**.

      **III.**    **Calculation of Reasonable Attorneys' Fees .**

David H. Cox, Esquire reasonably expended 0.4 hours and Brian W. Thompson, Esquire reasonably expended 7.9 hours related to preparing for the deposition of Mr. LeFande noted for August 10, 2017 and seeking to obtain Mr. LeFande's attendance at said deposition. The hourly rate for David H. Cox, Esquire charged in this matter is $385.00 per hour. The hourly rate for Brian W. Thompson, Esquire charged in this matter is $300.00 per hour.

Multiplying the hours reasonably expended by the hourly rate for David Cox, Esquire and Brian W. Thompson, Esquire, Matthew LeFande should be ordered to pay $2,524.00 in attorneys' fees and $1,147.50 in costs. Additionally, District Title requests that this Court award

an additional $450.00 for a reasonable 1.5 hours in preparation of this motion.

WHEREFORE, Plaintiff District Title respectfully requests that this Court enter an Order:

    A. That Matthew LeFande pay of the reasonable expenses, including attorney's fees and costs to District Title in the amount of $4,121.50; and

    B. Granting District Title such further and other relief as justice may require.

Date: September 22, 2017

Respectfully submitted,

*/s/  David H. Cox*

David H. Cox, Esq.
D.C. Bar #250167
JACKSON & CAMPBELL, P.C.
1120 20th Street, NW, South Tower, Ste. 300
Washington, DC 20036
(202) 457-1600
(202) 457-1678 (fax)
dcox@jackscamp.com
*Counsel for Plaintiff*