AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| District Title, a Corporation<br>*Plaintiff*<br>v.<br>Anita K. Warren, et al.<br>*Defendant* | ) ) ) ) ) ) )   Civil Action No. 1:14-cv-1808 DAR ABJ |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Matthew LeFande
4585 North 25th Road, Arlington, VA 22207

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See the attached Notice of Deposition

| Place: Jackson & Campbell, P.C. 1120 20th Street, NW, Building 1-South, 3rd Floor, Washington, DC 20036 | Date and Time: August 10, 2017 at 10:00 a.m. |
|---|---|

The deposition will be recorded by this method:  Videotape or other audiovisual means and Court Reporter

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See the attached Notice of Deposition

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/27/2017

*CLERK OF COURT*

OR  /s/ [Attorney's signature]

_____         _____
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* District Title
, who issues or requests this subpoena, are:

David H. Cox and Brian W. Thompson; Jackson & Campbell, P.C.
1120 20th St. NW, Building 1-South, 3rd Floor, Washington, DC 20036; (202)457-1600; dcox@jackscamp.com
bwthompson@jackscamp.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT 5

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:14-cv-1808 DAR ABJ

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows:

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| DISTRICT TITLE, a corporation,<br><br>    Plaintiff,<br>v.<br>ANITA K. WARREN, et al.,<br><br>    Defendants. | Civil Action No.: 1:14-cv- 1808 DAR ABJ |

## NOTICE OF VIDEOTAPED ORAL DEPOSITION AND DEPOSITION DUCES TECUM OF MATTHEW LEFANDE

PLEASE TAKE NOTICE, Plaintiff District Title, by and through counsel, pursuant to FRCP Rules 30 and 69, will take the deposition upon oral examination of Matthew LeFande before a Court Reporter or some other Notary Public authorized to administer the oath, at the office of Plaintiff's attorney located at 1120 Twentieth Street, NW, South Tower, Suite 300, Washington, DC 20036, on August 10, 2017 at 10:00 AM to continue day-to-day until completed. The deposition may recorded by video, audio, audiovisual means, or stenographic means and shall be used for the purposes of discovery, evidence at trial, and/or any other purpose permitted by law.

The deponent is to produce the documents identified in Exhibit A attached hereto at the location and time stated above.

Dated: July 27, 2017

Respectfully submitted,

JACKSON & CAMPBELL, P.C.

*[signature]*

David H. Cox, Esq.
Brian W. Thompson, Esq.
1120 20th Street, N.W.
South Tower
Washington, DC 20036
Telephone: (202) 457-1600
Facsimile: (202) 457-1678
Email: dcox@jackscamp.com
Email: bwthompson@jackscamp.com
*Counsel for Plaintiff District Title*

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2017, a copy of this *Notice of Deposition* was served via first class mail, postage prepaid, upon the following:

Matthew LeFande, Esquire
4585 North 25th Road
Arlington, VA 22207

*[signature]*
Brian W. Thompson

- 2 -

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| DISTRICT TITLE, a corporation,<br><br>　　　　Plaintiff,<br>v.<br><br>ANITA K. WARREN, et al.,<br><br>　　　　Defendants. | Civil Action No.: 1:14-cv- 1808 DAR ABJ |

## EXHIBIT A TO NOTICE OF VIDEOTAPED ORAL DEPOSITION AND DEPOSITION DUCES TECUM OF MATTHEW LEFANDE

### DEFINITIONS

1.　"Document" shall mean, without limitation, the original and all non-identical copies of any recorded or graphic form, whether typed, handwritten, printed, photocopied, recorded on audiotape or videotape, filmed, photographed, microfilmed, saved by computer, emails, CD-ROM, or computer disc or otherwise produced, reproduced or stored, including, without limitation, notes, memoranda, transcripts, minutes, correspondence, telexes, telefaxes, circulars, releases, publications, articles, books, reports, prospectuses, records, financial statements, computer discs, computer tapes, computer runs, microfilms, microfiche, videotapes, tickertapes, audiotapes, indexes, lists, summaries, compilations, matrices, files, charts, graphs, posters, analyses, money orders, checks, drafts, financial documents, commercial papers, securities, account-books, diaries, calendars, journals, agreements, contracts, orders, insurance policies, charts, business records and any other tangible things. "Document" also means any tape or audible recording, any photograph, motion picture or videotape. "Document" includes

- 3 -

any non-identified copy by virtue of other material appearing thereon, such as handwriting, typing, or otherwise.

2. "Concerning" or "Relating to" shall mean consisting of, referring to, reflecting, discussing, evidencing, commenting on, pertaining to, or having any connection or association with the matter identified, in whole or in part.

3. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all;" "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

## INSTRUCTIONS

When a request is made about the substance and location of a document, the deponent shall be prepared to produce the document and/or to state the nature of the document (i.e., letter, memorandum, abstract, etc.), the author(s) of the document, the intended recipients of the document, the date of the document, the number of pages of the document, the substance or content of the document, and the name, title, address and telephone number of the present custodian of the document.

In the event that any document called for herein, or information about the location or substance of the document, is withheld on the basis of a claim of privilege, the deponent shall prepare and produce at the time set forth herein a privilege-log the author(s), addressee(s), indicated or blind copy recipients, date, subject matter, number of pages, identity of any attachments or appendices, all persons to whom distributed, the present custodian, and the basis for the claimed privilege. Additionally, for any document withheld on the basis of a claim of

- 4 -

privilege or subject to protection as trial-preparation material, the deponent must, pursuant to FRCP 45(e)(2)(A), expressly make such claim, and describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

In the event that any documents or protocols responsive to any subject identified herein were destroyed, deleted, lost, misplaced, or discarded, the deponent should be prepared to state the nature of the document (i.e., letter, memorandum, abstract, etc.), the author(s) of the document, the intended recipients of the document, the date of the document, the number of pages of the document, the substance or content of the document, the name, title, address and telephone number of the individuals who participated in the decision to destroy, delete, remove, or discard the document or policy, and the date that the specific action was taken.

## DOCUMENTS TO BE PRODUCED

The deponent is to produce the following documents at the location and time stated above:

1. Any document related to real property located in St. Mary's County, Maryland, having the address of 12390 Point Lookout Road, Scotland, MD 20687 (the "St. Mary's County Property").

2. Any document related to any communication with any employee, agent, representative or other affiliate of Action Settlement Group from July 1, 2014 to present related to the St. Mary's Property.

3. Any document, related to the transfer of the St. Mary's County Property from Timothy Day to Matthew Ashburn.

4. Any document related to any communications with Matthew Ashburn from January 1, 2014 to present related to the St. Mary's Property.

5. Any document related to any funds received by you from Timothy Day from July 1, 2014 to present.

6. Any document related to any communications with Escrow Hill Limited, LLC, or any successor to Escrow Hill Limited, LLC, from January 1, 2014, to present.

7. Any document related to any financial account, including checking accounts, savings accounts, trusts, retirement accounts, escrow accounts or any other type of account, in which Timothy Day has or had any interest in from January 1, 2014, to present.

8. Any document related to any funds received by Timothy Day from any person or entity and in any form from January 1, 2014, to present

9. Any document related to any expenditure made by Timothy Day, or on behalf of Timothy Day, from January 1, 2014, to present.

10. Any document related in any way to ACE Cash Express.

11. Any document related to any funds received by Anita K. Warren from any person or entity and in any form from January 1, 2014, to present.

12. Any document related to any financial account, including checking accounts, savings accounts, trusts, retirement accounts, escrow accounts or any other type of account, in which Anita K. Warren has or had any interest in from January 1, 2014, to present.

13. Any document related to any funds or property in which Timothy Day had any interest for which you maintained any account, including any escrow account.

14. Any document related to any funds expended by you towards any debt, bill, or other charge owed by, or assessed against, Timothy Day.

15. Any document related to any property in which Timothy Day held any interest from July 1, 2014, to present.

3568588v.1

16. Any document related to any communications with any third-party related to Timothy Day from July 1, 2014, to present.

17. Any document related to any trust or other agreement to which Timothy Day was a party.