UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DISTRICT TITLE,

      Plaintiff,

v.

ANITA K. WARREN, *et al.*,

      Defendants.

Civil Action No. 14-1808
ABJ/DAR

## ORDER

At a status hearing conducted on September 15, 2017, the undersigned, for the reasons set forth in detail on the record, scheduled the deposition of Matthew LeFande, Esq., for September 21, 2017 at 1:00 p.m. in Courtroom 4.[1]  At the time the undersigned so ordered, Mr. LeFande was represented by counsel.  Said counsel was present at the September 15 status hearing, and voiced Mr. LeFande's objection to the scheduling of said deposition on the ground that Mr. LeFande would invoke his Fifth Amendment privilege, stating, on the record and in open court, that

> Mr. LeFande is not a party to this case.  Mr. LeFande was never served in this matter.  He has asserted his Fifth Amendment [right] and [the] attorney-client privilege.  He still refuses to testify in this matter.  Upon review of the caselaw, he feels that he must take the

---

[1] Both the basis of the determination that Plaintiff would be permitted to depose Mr. LeFande, and the basis of the determination that said deposition would be conducted in the courtroom of the undersigned, are set forth in the opinion of the undersigned, affirmed by the assigned United States District Judge, *see Dist. Title v. Warren*, No. CV 14-1808, 2017 WL 2462489, (D.D.C. June 2, 2017), *objections overruled*, No. CV 14-1808 (ABJ), 2017 WL 3016748 (D.D.C. July 14, 2017); the September 15, 2017 Order of the undersigned (ECF No. 115); the subsequent Order of the assigned United States District Judge, *see* 09/18/2017 Minute Order; and a further Order of the assigned United States District Judge, *see* ECF No. 119.

        risk of going to jail rather than speaking against the attorney-client privilege.[2]

However, prior to the September 15 status hearing, this Court already had rejected Mr. LeFande's blanket invocation of privilege; his invocation of any privilege in advance of a single deposition question; and his claims of privileges as grounds upon which to be relieved of the order directing him to be deposed by counsel for Plaintiff.[3] After September 15, but before September 22, the assigned United States District Judge rejected Mr. LeFande's subsequent efforts to be relieved of the order directing him to be deposed by counsel for Plaintiff.[4]

On September 21, Plaintiff's counsel and an officer of Plaintiff corporation appeared in Courtroom 4 at the designated time; with the prior approval of the court, the videographer whose services Plaintiff engaged for the purpose of the deposition was also present. Mr. LeFande, accompanied by his counsel, was present; however, Mr. LeFande refused the undersigned's orders from the bench to take the seat designated for him and to be sworn. The undersigned repeated the order at least twice, and each time, Mr. LeFande refused to comply. Mr. LeFande's response, in each instance, was to assert that he would *not* comply with the undersigned's order, and to invoke the Fifth Amendment.[5]

---

[2] Audio Recording of Status Hearing conducted on September 15, 2017: *Dist. Title v. Warren, et al.*, No. CV 14-1808.

[3] *Dist. Title v. Warren*, No. CV 14-1808, 2017 WL 2462489, (D.D.C. June 2, 2017), *objections overruled*, No. CV 14-1808 (ABJ), 2017 WL 3016748 (D.D.C. July 14, 2017).

[4] *See* 09/18/2017 Minute Order; Order (ECF No. 119).

[5] Such assertion had already been rejected as a basis upon which to relieve him of the order requiring that he be deposed by counsel for Plaintiff. *See* n.3, *supra*.

The undersigned then took a recess to afford Mr. LeFande a further opportunity to confer with his counsel. After the recess, the undersigned again ordered Mr. LeFande to take the designated seat and to be sworn; again, Mr. LeFande refused to comply.

Section 636 of Title 28 of the United States Code provides, in pertinent part:

> A magistrate judge shall have the power to punish summarily by fine or imprisonment, or both, such contempt of the authority of such magistrate judge constituting misbehavior of any person in the magistrate judge's presence so as to obstruct the administration of justice.

28 U.S.C. § 636(e)(2).

The undersigned herein reiterates the finding set forth on the record on September 21 that Mr. LeFande's refusal to comply with the undersigned's orders communicated from the bench on that date – predicated upon the published opinions and further orders of this Court, *see* n. 1, *supra* – constituted misbehavior obstructing the administration of justice. By way of a more fulsome explanation of that finding, the undersigned further finds that Mr. LeFande's refusal to comply with the orders of the undersigned was both calculated and willful: at the status hearing at which the date, time and place of the deposition were prescribed by the undersigned, Mr. LeFande – albeit through his lawyer – announced that he would "take the risk of going to jail" rather than comply. Additionally, the undersigned further finds that Mr. LeFande's refusal to comply is rendered all the more egregious by his knowledge that this Court had already considered and rejected his objection.[6]

The element of "obstruction" is evident: this Court had made plain that the deposition of Mr. LeFande was the remaining viable means by which to permit Plaintiff post-judgment

---

[6] *See* n. 3, *supra*.

discovery, and Mr. LeFande's refusal to take the designated seat and to be sworn foreclosed that effort.

Thus, as articulated from the bench in open court, Mr. LeFande, in accordance with 28 U.S.C. § 636(e)(2), is summarily punished by a fine in the amount of $5,000, payable by no later than October 5, 2017, for his misbehavior in the undersigned's presence obstructing the administration of justice.[7]

/s/
DEBORAH A. ROBINSON
United States Magistrate Judge

September 27, 2017

---

[7] Said fine is imposed solely in accordance with 28 U.S.C. § 636(e)(2), and is dispositive of neither District Title's Motion to Show Cause Why Timothy Day's Counsel Should Not be Held in Contempt (ECF No. 107), nor District Title's Motion for Fees and Costs Pursuant to Minute Order Granting Leave to File (ECF No. 120).