|  |  |  |
|---|---|---|
| In re DEPOSITION OF MATTHEW A. LEFANDE, ESQ. | ) ) ) ) ) ) | Misc. Action No. 17-2466 (ABJ/DAR) |

## MEMORANDUM OPINION AND ORDER

Attorney Matthew LeFande has moved to vacate a criminal contempt order issued against him by the Magistrate Judge when he refused to take the stand and be sworn for the deposition that was scheduled to take place on September 21, 2017 in the Magistrate Judge's Courtroom. Obj. to Magistrate Judge's Order & Renewed Request for Protective Order [Dkt. # 123] ("Obj. to Contempt Order"). For the reasons that follow, the Court will overrule LeFande's objections and affirm the Magistrate Judge's Criminal Contempt Order. Minute Entry and Order (Sept. 21, 2017); Order [Dkt. # 121] ("Criminal Contempt Order").

## BACKGROUND

Plaintiff District Title, a real estate settlement company, was handling the sale of a property formerly owned by defendant Anita K. Warren when it erroneously transferred $293,514.44 to Warren instead of the mortgage lender, Wells Fargo Bank, N.A. Am. Compl. [Dkt. # 5] ¶ 15. Warren promptly transferred the funds to her son Timothy Day, and the two refused to give the money back. *See District Title v. Warren*, No. 14-1808, 2015 WL 7180200, at *1 (D.D.C. Nov. 13, 2015). District Title sued, and attorney LeFande represented the defendants in that action.

On November 13, 2015, the Court granted summary judgment to plaintiff on a breach of contract count brought against Warren and an unjust enrichment count brought against Day.[1] *Id.*

---

1    Day has since passed away. *See* Suggestion of Death [Dkt. # 106].

The Court entered judgment in favor of plaintiff in the amount of $293,514.44, plus pre-and-post judgment interest and attorneys' fees and costs, and it also entered a permanent injunction to enjoin defendants from dissipating their assets until the judgment was satisfied.  Order (Nov. 13, 2015) [Dkt. # 79]; *see also* Order (Aug. 3, 2016) [Dkt. # 100] (amending the November 13, 2015 order to correct a clerical error).  The D.C. Circuit summarily affirmed the Court's judgment.  *District Title v. Warren*, No. 15-7157, 2016 WL 3049558 (D.C. Cir. May 4, 2016).

On March 22, 2016, plaintiff filed a motion to conduct post-judgment discovery related to its efforts to collect on the judgment, which included a request for court permission to serve subpoenas on three individuals, including LeFande.  *See* Mem. of P. & A. in Supp. of Pl.'s Mot. for Oral Examination of J. Debtor Timothy Day & Third Parties, & for Leave to Serve Subpoenas [Dkt. # 88-1].  Plaintiff asserted that LeFande "may have information concerning assets held or transferred by Timothy Day."  *Id.* at 5.

The Court referred the motion to a Magistrate Judge for decision pursuant to Local Civil Rule 72.2(a).  Order (Apr. 5, 2016) [Dkt. # 90].  On April 21, 2017, plaintiff moved for an order to show cause as to why LeFande should not be held in contempt, and it renewed its request for leave to issue a subpoena to LeFande.  Pl.'s Mot. to Show Cause Why Timothy Day's Counsel Should Not be Held in Contempt & Renewed Request for Issuance of Subpoena to Matthew LeFande [Dkt. # 107] ("Pl.'s Mot.).  In support of its motion, plaintiff pointed to testimony in a related proceeding in a Maryland state court that suggested that LeFande was complicit in the concealment of defendant Day's assets.  Pl.'s Mem. of P. & A. in Supp. of Pl.'s Mot. [Dkt. # 107-1] ("Pl.'s Mem.") at 3.  Plaintiff proffered that Day transferred over $80,000 in profits received from a November 2014 sale of property in St. Mary's County, Maryland to an account in New Zealand.  *Id.*  At a trial related to the St. Mary's County transaction, a witness testified that it was

Day's attorney, Matthew LeFande, who instructed the settlement company to transfer the funds to the New Zealand account. *Id.*

LeFande opposed the motion and sought a protective order. Opp. to Pl.'s Mot. & Request for Protective Order [Dkt. # 108] ("LeFande's Opp."). In his opposition, LeFande asserted his Fifth Amendment right against self-incrimination, and he also asserted that any testimony would be covered by the attorney-client privilege. *Id.*

In an opinion dated June 2, 2017, the Magistrate Judge granted plaintiff's motion for the issuance of a subpoena, denied LeFande's motion for a protective order, and stayed the request for a show cause order. *Dist. Title v. Warren*, No. CV 14-1808, 2017 WL 2462489, (D.D.C. June 2, 2017) ("Magistrate Judge's Opinion"). The Magistrate Judge concluded that LeFande's assertions of privilege were premature because LeFande would be required to assert the attorney-client and Fifth Amendment privileges on a question-by-question basis. *Id.* at 4–5. On June 16, 2017, LeFande submitted objections to the Magistrate Judge's order to this Court, and he renewed his request for a protective order. Obj. to Magistrate Judge's Op. & Request for Protective Order [Dkt. # 111] ("LeFande's Obj.").

On July 14, 2017, the Court overruled LeFande's objection to the Magistrate Judge's Opinion which ordered him to appear for the deposition. *Dist. Title v. Warren*, 265 F. Supp. 3d 17, 23 (D.D.C. 2017). In its ruling, the Court specifically held that a blanket assertion of attorney-client privilege would not suffice, and that LeFande was required to assert both the Fifth Amendment privilege and the attorney-client privilege on a question by question basis. *Id.* at 3–5. Thereafter, plaintiff sent a letter to LeFande's counsel seeking to set a date for LeFande's deposition. Since there was no response, a subpoena was issued on July 17, 2017, ordering LeFande to appear to be deposed on August 11, 2017 at 10:00 am, at the law office of plaintiff's

attorney.   Subpoena to Testify at Deposition in Civil Action, Ex. 5 to Pl.'s Status Report [Dkt. # 114-5].

Plaintiff alleges that LeFande attempted to evade service, so plaintiff's counsel resorted to emailing LeFande to determine when he might be available to accept service.  *See* David Barefoot Affidavit of Attempted Service, Ex. 6 to Pl.'s Status Report [Dkt. # 114-6] (documenting at least six attempts to serve LeFande at his residence between July 27, 2017 through August 5, 2017); *see also* Email from Brian Thompson, plaintiff's counsel, to Matthew LeFande dated August 3, 2017, Ex. 7 to Pl.'s Status Report [Dkt. # 114-7].   Once again there was no response.  LeFande did not appear for the scheduled deposition on August 11, 2017.   Pl.'s Status Report [Dkt. # 114] at 2.

Due to LeFande's failure to appear at the August 11 deposition, the Magistrate Judge held a status hearing with the parties on September 15, 2017 at which LeFande appeared with his counsel. Minute Order (Sept. 15, 2017).   At the status hearing the Magistrate Judge granted plaintiff's oral motion to take LeFande's deposition consistent with both the Magistrate Judge's and this Court's prior opinions.  *Id*.  The order required LeFande to appear in her courtroom on September 21, 2017, to be deposed by plaintiff's counsel.  *Id; see also* Order [Dkt. # 115].

LeFande responded by filing a motion to dismiss his now deceased client, Timothy Day, from the underlying civil action.  Mot. to Dismiss for Lack of Jurisdiction Over Deceased Def. [Dkt. # 117].   He maintained that this procedural step would relieve him of any obligation to respond to plaintiff's request for discovery in execution of the judgment, including his deposition. *Id*.   On September 18, 2017, this Court issued a Minute Order which held in relevant part:

> Because the post-judgment discovery efforts relate to both defendants, and defendant Warren is still a proper defendant in this case, the terms of the Magistrate Judge's September 15, 2017 Order (Dkt. # 115) remain in effect: Mr. LeFande shall appear in Courtroom 4 at 1:00 p.m. on Thursday, September 21, 2017, to be deposed by counsel for plaintiff; he shall be sworn; and he shall answer each question propounded to him, unless he

invokes a specific privilege on the record with respect to that specific question. Mr. LeFande may not rely on the pendency of the motion to dismiss as a basis to refuse to answer questions about defendant Day or the defendants' assets.

Minute Order (Sept. 18, 2017). On September 19, 2017, the Court denied defendant's motion to dismiss Timothy Day for reasons set forth in an order and again reiterated that LeFande remained under Court order to appear for his deposition. Order [Dkt. # 119].

On the date of the deposition, LeFande appeared in Magistrate Judge's courtroom with his counsel, but he refused to comply with the Magistrate Judge's order to take the stand and to be sworn. Minute Entry and Order (Sept. 21, 2017); Criminal Contempt Order at 2. The Magistrate Judge "repeated the order at least twice, and each time, Mr. LeFande refused to comply." *Id.* His "response in each instance was to assert that he would *not* comply . . . and to invoke the Fifth Amendment." *Id.* The Magistrate Judge took a brief recess to allow LeFande to further confer with counsel. *Id.* at 3. But after the recess, LeFande again refused to comply with the Magistrate Judge's orders to take the stand and be sworn. *Id.*

Consequently, the Magistrate Judge held LeFande in criminal contempt for "obstructing the administration of justice" pursuant to her authority under 28 U.S.C. § 636(e)(2) and she fined him $5,000.00, payable no later than October 5, 2017. Criminal Contempt Order at 3–4. On October 03, 2017, LeFande filed objections to the Magistrate Judge's bench ruling and Contempt Order, and he renewed his request for a protective order. Obj. to Contempt Order. Because LeFande violated multiple orders that he appear at the deposition and respond to questions, interposing any privilege objections on a question-by-question basis, LeFande's objections will be overruled, and the Court will uphold the judgment of criminal contempt.

## STANDARD OF REVIEW

Local Civil Rule 72.2(a) permits a district court to refer "any pretrial motion or matter,"

with the exception of those enumerated in Local Civil Rule 72.3, to a Magistrate Judge. *Baylor v.*

*Mitchell Rubenstein & Assocs., P.C.*, 857 F.3d 939, 945 (D.C. Cir. 2017), quoting LCvR 72.2(a).[2]

If any party files written objections to a Magistrate Judge's ruling on such a matter, the District

Court "may modify or set aside any portion of [the] order . . . found to be clearly erroneous or

contrary to law." LCvR 72.2(c). "A court should make such a finding when the court 'is left with

the definite and firm conviction that a mistake has been committed.'" *New Life Evangelistic Ctr.,*

*Inc. v. Sebelius*, 847 F. Supp. 2d 50, 53 (D.D.C. 2012), quoting *Am. Soc'y for Prevention of Cruelty*

*to Animals v. Feld Entm't, Inc.*, 659 F.3d 13, 21 (D.C. Cir. 2011).

## ANALYSIS

Section 28 U.S.C. § 636(e)(2) grants magistrate judges summary criminal contempt

authority under specific circumstances. Under the statute:

> A magistrate judge shall have the power to punish summarily by fine or
> imprisonment, or both, such contempt of the authority of such magistrate
> judge constituting misbehavior of any person in the magistrate judge's

---

2       The Court referred this matter to the Magistrate Judge under Local Civil Rule 72.2(a), and
neither party has objected to that referral. But it appears to be a matter of first impression in this
jurisdiction whether a Magistrate Judge has the power to resolve post-judgment discovery issues.
In the Federal Magistrates Act, 28 U.S.C. § 636, Congress gave magistrate judges the authority
"to hear and determine any pretrial matter pending before the court," 28 U.S.C. § 636(b)(1), and
it also empowered district judges to assign to magistrate judges any "such additional duties as are
not inconsistent with the Constitution and laws of the United States." *Id.* § 636(b)(3). Leading
commenters have concluded that the Supreme Court's jurisprudence on the power of Magistrate
Judges "[c]ertainly . . . can reach the assignment under section 636(b)(3) of post-trial matters
comparable in importance to those section 636(b)(1) authorizes a magistrate judge to address
before trial." 12 Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 3068.1 (2d ed. 1995);
14 *Moore's Federal Practice* § 72.02 (Matthew Bender 3d ed.) ("Discovery is a nondispositive
pretrial matter that may be referred for disposition to a magistrate judge. Postjudgment discovery
in collection proceedings may also be referred to a magistrate judge."). Because the management
of post-judgment discovery is comparable in importance to the management of pretrial discovery,
the Court will review the Magistrate Judge's Criminal Contempt Order under the "clear error"
standard. The Court notes, however, that its decision would be the same whether it used the "clear
error" standard, or whether it reviewed the Magistrate Judge's order *de novo* – there is ample
support in the record, which the Court has reviewed in its entirety, for the Magistrate Judge's
conclusions.

presence so as to obstruct the administration of justice. The order of
contempt shall be issued under the Federal Rules of Criminal Procedure

28 U.S.C. § 636(e)(2). The Federal Rules of Criminal Procedure provide that "a magistrate judge

may summarily punish a person as provided in 28 U.S.C. § 636(e)" and requires that "[t]he

contempt order must recite the facts, be signed by the judge, and be filed with the clerk." Fed. R.

Crim. P. 42.

The Court of Appeals has held that criminal contempt requires: "misbehavior of a person,

in or near to the presence of the court, which obstructs the administration of justice, and which is

committed with the required degree of criminal intent." *In re Sealed Case*, 627 F.3d 1235, 1237

(D.C. Cir. 2010), quoting *United States v. McGainey,* 37 F.3d 682, 684 (D.C. Cir. 1994). When

analyzing whether "the evidence is sufficient to support a contempt conviction" courts must

consider whether "a fair-minded and reasonable trier of fact [could] accept the evidence as

probative of a defendant's guilt beyond a reasonable doubt." *Id.*, quoting *In re Holloway,* 995 F.2d

1080, 1082 (D.C. Cir. 1993) (alteration in original).

LeFande challenges the Magistrate Judge's Criminal Contempt Order in a scattershot

fashion, recycling many of the same arguments already presented to and rejected by this Court,

including his invocation of the Fifth Amendment and attorney-client privileges. Obj. to Contempt

Order at 16–23, 28–30. As this Court has explicitly stated in its prior Memorandum Opinion and

subsequent Minute Order, LeFande may not avoid appearing at the deposition entirely with a

blanket assertion of attorney-client privilege. *Dist. Title v. Warren*, 265 F. Supp. 3d 17, 23 (D.D.C.

2017); Minute Order (Sept. 18, 2017). LeFande was required to take the stand and to assert both

the Fifth Amendment privilege and the attorney-client privilege on a question-by-question basis.

*Id.*

The Court finds that all of the elements required to uphold the criminal contempt order are satisfied here.   In accordance with Rule 42 of the Federal Rules of Criminal Procedure, the Magistrate Judge witnessed first-hand LeFande's misbehavior in her courtroom, she recited those facts in her contempt order, signed the order, and filed it with the clerk.   Under 28 U.S.C. § 636(e)(2) the Magistrate Judge appropriately exercised her criminal contempt authority because LeFande's actions "constituted misbehavior" that "obstruct[ed] the administration justice." 28 U.S.C. § 636(e)(2).  He not only disobeyed the Magistrate Judge's multiple orders in the courtroom in her presence, but he also failed to comply with the opinions and orders of this Court which required him to appear and to respond to the questions on an individual basis. Lefande's violation of these orders impeded the administration of justice by making it impossible for the plaintiff to conduct post-judgment discovery.  Finally, the Court finds that the evidence recited in the Magistrate Judge's Criminal Contempt Order is sufficient to establish beyond a reasonable doubt that LeFande had the necessary intent, and that his actions were "both calculated and willful."  Criminal Contempt Order at 3.  Indeed, LeFande informed the Magistrate Judge through his counsel that he would rather "take the risk of going to jail" than comply with her orders. *Id.*

Accordingly, the Magistrate Judge's Criminal Contempt Order is not contrary to law, and LeFande's objections are overruled.

## CONCLUSION

For those reasons, it is hereby **ORDERED** that Matthew LeFande's objections to the Magistrate Judge's Criminal Contempt Order are **OVERRULED**.

It is **FURTHER ORDERED** in accordance with the Criminal Contempt Order under 28

U.S.C. § 636(e)(2), Matthew LeFande is summarily punished by a fine in the amount of $5,000.00

payable to the Clerk of Court no later than March 19, 2018.

      **SO ORDERED**.

_____
AMY BERMAN JACKSON
United States District Judge

DATE: February 26, 2018