

Brian W. Thompson
202.457.1648
Fax 202.457.1678
bwthompson@jackscamp.com

March 27, 2017

ATTN: Judicial Assistance Officer
U.S. Department of State
Office of Legal Affairs, (CA/OCS/L)
SA-17, 10th Floor
2201 C Street, NW
Washington, DC 20522-1710

    RE: District Title v. Anita K. Warren, et al., Civil Action No. 14-1808 in the United States District Court for the District of Columbia
Letters Rogatory New Zealand

To Whom It May Concern:

    Please find attached a Request for International Judicial Assistance (Letter Rogatory) requesting assistance from the appropriate judicial authority of New Zealand to compel Escrow Hill Limited, LLC (now known as Asia Capital (China) Limited) to produce documents relating to any transactions with Timothy Day and/or Action Settlement Group. You will also find enclosed Cashier's Check No. 00290833, dated March 16, 2017 and made payable to U.S. Embassy Wellington in the amount of Two Thousand Two Hundred and Seventy-five Dollars ($2,275.00).

    We are hereby requesting that service be made upon:

        Escrow Hill Limited, LLC
        (Now known as Asia Capital (China) Limited)
        Level 1, 19 Auburn Street
        Grafton, Auckland, New Zealand 1021

    All produced documents should be delivered to:

        Brian W. Thompson, Esquire
        Jackson & Campbell, P.C.
        1120 20th Street, NW
        Suite 300-S
        Washington, DC 20036
        Tel: 202-457-1648



EXHIBIT 16



ATTN: Judicial Assistance Officer
U.S. Department of State
Office of Legal Affairs, (CA/OCS/L)
March 27, 2017
Page 2

  Should you have any questions or concerns, please do not hesitate to contact me at 202-457-1648.

         Sincerely yours,

         JACKSON & CAMPBELL, P.C.

         By: _____
           Brian W. Thompson

BWT/pd

Case 1:17-mc-02466-ABJ   Document 142-10   Filed 07/25/18   Page 3 of 11



# COMPANIES OFFICE
NEW ZEALAND

## Certificate of Incorporation

### ASIA CAPITAL (CHINA) LIMITED
### 4777160
### NZBN: 9429040990330

This is to certify that ESCROW HILL LIMITED was incorporated under the Companies Act 1993 on the 13th day of November 2013 and changed its name to ASIA CAPITAL (CHINA) LIMITED on the 23rd day of August 2016.



Mandy McDonald

Registrar of Companies
23rd day of August 2016

For further details relating to this company check
http://www.companies.govt.nz/co/4777160
Certificate generated 23 August 2016 02:31 PM NZST



# Particulars of Name Change

### 4777160  ASIA CAPITAL (CHINA) LIMITED

| | |
|---|---|
| Registration Date and Time | 23 August 2016 14:31:27 |
| Document Type | Change of Company Name |
| Presenter | David Anthony Bruce HALSTEAD |
| | Po Box 47391 |
| | Ponsonby |
| | Auckland 1144 |
| | New Zealand |

**Company Name Change Details**

| | |
|---|---|
| New Company Name | ASIA CAPITAL (CHINA) LIMITED |
| Previous Company Name | ESCROW HILL LIMITED |
| Effective Date | 23 August 2016 02:31:28 |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| District Title, A Corporation <br> *Plaintiff* <br> v. <br> Anita K. Warren, et al. <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 1:14-cv-01808 |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Escrow Hill Limited, LLC (Now Known As Asia Capital (China) Limited)
Level 1, 19 Auburn Street, Grafton, Auckland, New Zealand 1021

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents related to any transactions with Timothy Day, any documents related to funds received from a State of Maryland, U.S. company known as Action Settlement Group, on or about Dec. 9, 2014, and any documents related to any transaction involving 12390 Point Lookout Rd, Scotland, St. Mary's County, MD

| Place: United States Consulate General <br> 23 Customs Street E <br> Auckland, 1010, New Zealand | Date and Time: 30 days after service <br> 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____            _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* District Title, A Corporation, who issues or requests this subpoena, are:

David Cox, 1120 20th St NW, Bldng 1 South, #300, Washington, DC 20036, dcox@jackscamp.com; (202)457-1600

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:14-cv-01808

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or
     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## APOSTILLE
### (Convention de La Haye du 5 octobre 1961)

1. Country: United States of America
   This public document
2. has been
   signed by Kym Kay
3. acting in
   the capacity of Deputy Clerk
4. bears the seal/stamp of U.S. District Court for the District of Columbia

CERTIFIED

5. at Washington, D.C...... 6. This 10th day of January 2017
7. by Denise Y. Watson, Executive Assistant to the Clerk of Court
8. No. 292
9. Seal/Stamp        10. Signature:

*Denise Y. Watson*

AO 393
(Rev. 04/10)

## STATEMENT OF EFFECT OF APOSTILLE

Apostilles certify only the authenticity of the signature of the official who signed the document, the capacity in which that official acted, and where appropriate, the identity of the seal or stamp which the document bears. An apostille does not imply that the contents of the document are correct, nor that they have the approval of the United States Courts.

Clerk, United States District Court

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DISTRICT TITLE,<br><br>      Plaintiff,<br>v.<br><br>ANITA K. WARREN, *et al.*,<br><br>      Defendants. | Civil Action No. 14-1808<br>ABJ/DAR |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)**

The United States District Court for the District of Columbia presents its compliments to the appropriate judicial authority of New Zealand, and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above-captioned matter. A status hearing in this matter is currently scheduled for April 24, 2017, in Washington, District of Columbia, United States of America. This Court requests the assistance described herein as necessary in the interests of justice. The assistance requested is that the appropriate judicial authority of New Zealand compel the below named entity to produce documents pursuant to the attached subpoena.

ESCROW HILL LIMITED, LLC<br>
NEW ZEALAND<br>
4th Floor, 55 ANZAC AVENUE<br>
AUCKLAND CITY<br>
AUCKLAND<br>
NZ 1010

Escrow Hill Limited, LLC is requested to produce any and all documents related to any transactions with Timothy Day, any documents related to funds received from a State of Maryland, United States company known as Action Settlement Group, on or about December 9, 2014, and

District Title v. Warren, et al.

any documents related to any transaction involving real property known as 12390 Point Lookout Road, Scotland, St. Mary's County, Maryland, United States of America.

District Title, the Plaintiff herein, received a judgment from this Court against Timothy Day and Anita Warren. District Title, in attempting to collect upon the judgment it received, is entitled to conduct discovery regarding the assets of the judgment debtor, pursuant to Federal Rule of Civil Procedure 69. The record before the United States District Court for the District of Columbia reflects that the proceeds from the alleged transfer of real property known as 12390 Point Lookout Road, Scotland, Maryland, were transferred to Escrow Hill Limited, LLC, a New Zealand entity, by Action Settlement Group, on or about December 9, 2014.

The duties and rights relating to the issuance and response to the subpoena are included in the attached subpoena.

District Title will reimburse the judicial authorities for costs incurred in issuing and executing this request.

December 23, 2016
Date

DEBORAH A. ROBINSON
United States Magistrate Judge

FORM123565-1012
04000517

**PNC BANK**
PNC Bank, National Association
Washington D.C.

CASHIER'S CHECK

No. 00290833

15-3/540

DATE MARCH 16, 2017

PAY TO THE ORDER OF  U.S. EMBASSY WELLINGTON    $ 2,275.00

TWO THOUSAND TWO HUNDRED SEVENTY FIVE AND 00 / 100************    DOLLARS

JACKSON & CAMPBELL
REMITTER

PNC Bank, National Association

OFFICIAL SIGNATURE