**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

DISTRICT TITLE, a corporation,

     Plaintiff,

v.

ANITA K. WARREN, et al.,

     Defendants.

Civil Action No.: 1:14-cv- 1808 ABJ DAR

In re Deposition of Matthew A. LeFande, Esq.

Misc. No.: 1:17-mc-02466-ABJ-DAR

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DISTRICT TITLE'S MOTION REQUESTING AN EXTENSION OF TIME TO
SUBSTITUTE PARTY**

     District Title, a Corporation ("District Title"), through undersigned counsel, and pursuant to Fed. R. Civ. P. 25, respectfully requests that the Court enter an order granting District Title an extension of time within which to substitute a party pending the appointment of a personal representatives for Anita K. Warren and Timothy Day.  In further support of this Motion, District Title states as follows:

    1.  On November 13, 2015, judgment was entered in favor of District Title against Anita K. Warren and Timothy Day.  See Order and Memorandum Opinion and Order [Docket Nos. 79 and 80 in Civil Case].

2.  A suggestion of death for Timothy Day was filed on April 12, 2017, by Matthew LeFande, Esquire.  See Suggestion of Death [Docket No. 106 in Civil Case].

3.  The suggestion of death for Timothy Day did not state the jurisdiction in which Timothy Day died or was residing at the time of his death.  Nor did the suggestion of death name any personal representative or other party who could be substituted for Timothy Day. See Suggestion of Death [Docket No. 106 in Civil Case].

4.  On May 8, 2018, District Title independently discovered that Warren had died on March 29, 2018, and filed a suggestion of death.  See Suggestion of Death [Docket No. 129 in Civil Case].

5.  On May 11, 2018, by Minute Order, the Court ordered that District Title "file a Rule 25(a) motion by August 6, 2018 to substitute the proper party for each defendant or fact the possible dismissal of either or both defendants for want of prosecution if no extension for good cause is sought in the meantime."  See Minute Order dated May 11, 2018.

6.  District Title has independently obtained death certificates for Timothy Day and Anita K. Warren.

7.  This proceeding is stayed as to Anita K. Warren.

8.  Because Warren was, and remains, protected by the automatic stay afforded her by 11 U.S.C. §362(a), District Title must request relief from the stay to petition to open an estate.  That motion was filed in the Bankruptcy Court for the District of Maryland on July 16, 2018.  A hearing is scheduled for August 9, 2018.

9.  District Title will be required to petition the Probate Division of the Superior Court of the District of Columbia under the provisions for standard probate, which is a more complicated and timely process than the abbreviated probate procedure under which an heir or representative of

Timothy Day may have been permitted to proceed.  As such, additional time and filings will be required.  Furthermore, District Title is not privy to all of the information regarding Timothy Day which others -- such as Matthew LeFande -- may possess.  For example, District Title does not possess a copy of any will or any proof that no such will exists.

10. District Title is prepared to petition to open an estate for Warren in St. Mary's County, Maryland, and for Timothy Day in the District of Columbia, but will require additional time to file the petition and for a personal representative to be appointed.

11. Pursuant to Fed. R. Civ. P. 6(b), the Court has discretion to enlarge the period of time within which a motion to substitute a party may be filed.  The current deadline for a motion to substitute a party for Warren is August 6, 2018.

12. Good cause exists for the Court to exercise its discretion to enlarge the period of time for another 90-day period to November 5, 2018.  Neither Day or Warren's counsel nor their family have filed petitions to open estates following their deaths.  Neither Warren nor her counsel notified the Court or District Title of Warren's death.  Her death was discovered independently by District Title, which then notified the Court.  District Title is at a disadvantage, in relation to Day and Warren's counsel and family, as to any proceeding to open an estate.  District Title does not have any information regarding any will or other document that may govern and estate proceeding or the necessary parties thereto.  Because District Title will be proceeding as a creditor to open estates, the period of time in which a petition may be filed and ruled upon will most certainly be longer than that of their counsel or family member.  As such, additional time is required.

WHEREFORE, District Title respectfully requests that the Court grant this motion,

extend the time period for filing a motion to substitute a party, and grant such further and other

relief as the Court deems just and proper.

Date: July 30, 2018                                  Respectfully Submitted,

                                           */s/  David H. Cox*

                                     David H. Cox, Esquire
                                     D.C. Bar #250167
                                     Brian W. Thompson, Esquire
                                     D.C. Bar #496467
                                     JACKSON & CAMPBELL, P.C.
                                     1120 20th Street, NW, South Tower, Ste. 300
                                     Washington, DC 20036
                                     (202) 457-1600
                                     (202) 457-1678 (fax)
                                     dcox@jackscamp.com
                                     bwthompson@jackscamp.com
                                     *Counsel for Plaintiff*

4