**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re DEPOSITION OF MATTHEW A. LEFANDE, ESQ. | ) | Misc. Action No. 17-2466 (ABJ) |

**MEMORANDUM OPINON**

This miscellaneous case arises out of *District Title v. Warren, et al.*, No. 14-cv-1808. As set forth in the Court's prior opinions, defendants' attorney, Matthew A. LeFande, was held in civil and criminal contempt for repeatedly violating court orders to sit for a deposition. *See* Sept. 27, 2017 Order [Dkt. # 121]; Aug. 1, 2018 Mem. Op. & Order [Dkt. # 145]; Jan. 19, 2021 Order [Dkt. # 159]. LeFande incurred fines as a result.

On September 11, 2019, plaintiff[1] filed a motion asking that the fine, or a portion of the fine, imposed on LeFande be paid to plaintiff as compensation for damages he caused. Pl.'s Mot. for Award [Dkt. # 157] ("Mot. for Award"). LeFande did not respond to or oppose this motion, so the Court treated it as conceded. On January 19, 2021, the Court granted the motion for award but requested additional information before it could specify the amount of the award. *See* Jan. 19, 2021 Order. Rainman subsequently provided the requested information, *see* Resps. to Orders of the Court [Dkts. ## 163, 164, 166], and LeFande did not respond or object to these filings either. For the reasons detailed below, the Court will enter a damages award against LeFande in the amount of $434,229.10.

1 The original plaintiff, District Title, was substituted for Rainman Capital LLC on February 5, 2024. Mot. to Substitute Party [Dkt. # 165]; Min. Order (Feb. 5, 2024).

## BACKGROUND

Because the history of this case has been detailed in previous opinions, the Court will only address the facts that pertain to the award issue.

On November 13, 2015, the Court entered summary judgment in favor of plaintiff against defendants Timothy Day and Anita Warren in the amount of $293,514.44 (the "Federal Judgment")[2] and issued an injunction prohibiting defendants from "dissipating their assets until the judgment is satisfied." Nov. 13, 2015 Mem. Op. at 20. Plaintiff then filed a motion to conduct post-judgment discovery, including a request to serve a subpoena on LeFande, defendants' attorney, as plaintiff believed he "may have information concerning assets held or transferred by Timothy Day." Mem. of P. & A. in Supp. of Mot. for Leave to Serve Subpoenas, Case No. 14-cv-1808 [Dkt. # 88-1]. The request to subpoena LeFande was granted on June 2, 2017, *see* June 2, 2017 Mem. Op. & Order, Case No. 14-cv-1808 [Dkt. # 110], but LeFande evaded service and repeatedly refused to sit for his deposition. *See* Aug. 1, 2018 Mem. Op. & Order at 3–10 (chronicling LeFande's refusals to be deposed).

On September 21, 2017, Mr. LeFande was held in criminal contempt by a Magistrate Judge and fined $5,000 for his refusal to answer questions. *See* Sept. 21, 2017 Order.[3] By August 1, 2018, LeFande had still not complied, so the Court found him to be in civil contempt for violating clear and unambiguous orders issued by this Court and the Magistrate Judge. August 1, 2018 Mem. Op. & Order at 16. The Court imposed a conditional fine of $1,000.00 per day to be paid

---

2 This represents the amount intended for Wells Fargo that plaintiff erroneously wired to defendant Warren. Nov. 13, 2015 Mem. Op., Case No. 14-cv-1808 [Dkt. # 80] at 2.

3 In its ruling on LeFande's appeal of the criminal contempt order, the D.C. Circuit agreed that LeFande was a "recalcitran[t]" deponent, and it affirmed the decision. *In re LeFande*, 919 F.3d 554, 563 (D.C. Cir. 2019).

to the Clerk of Court until he complied with the orders regarding his deposition. *Id.* at 2. The Court also stated that it would determine at a later date whether all or a portion of the fine imposed should be paid to plaintiff. *Id.*

On September 11, 2019, plaintiff filed a motion to award it an amount that would compensate it for the damages it had incurred as a result of Mr. LeFande's fraud. Mot. for Award. In its motion, plaintiff identified four additional sources of a potential award, in addition to the Federal Judgment:

1) the transfer of proceeds from a real estate transaction in St. Mary's County, Maryland in the amount of $82,051.81 to Escrow Hill Limited in New Zealand which LeFande facilitated, Mot. for Award at 9;

2) defendant Timothy Day's conversion of $99,445.00 to cash that LeFande was aware of and failed to disclose, *id.*;

3) the post-discovery attorneys' fees plaintiff incurred in its efforts to recover these funds, *id.*; and

4) a $286,275.55 judgment entered in plaintiff's favor against Timothy Day in a circuit court case in St. Mary's County based on the same underlying facts as the federal suit. *Id.* at 5; *see also* St. Mary's County Default J. Order, Ex. 3 to Mot. for Award [Dkt. # 157-3] at 3.

In addition to identifying these four potential components of an award, plaintiff also stated that "as of the date of [] filing, [plaintiff]'s judgment in this Court against Timothy Day totals approximately $169,390.30." Mot. for Award at 12.

On January 19, 2021, the Court granted plaintiff's motion for award. Jan. 19, 2021 Order at 1. The Court found that plaintiff is "entitled to the $169,390.30 it says it is owed, given that the Escrow Hill Limited transfer plus the withdrawal of cash by Timothy Day – both of which were

obscured by LeFande's failure to comply with directives of this Court – total $181,496.81."[4] *Id.* at 4. But the Court asked that plaintiff explain how the requested amount of $169,390.30, to which plaintiff claimed it was entitled to as the prior judgment awarded against Day in Case No. 14-cv-1808, was derived. *Id.* The Court also stated it "would also be inclined to include some amount of attorneys' fees for the post-judgment enforcement efforts and discovery," but that the motion "[did] not supply any of the information needed to substantiate the request." *Id.*, citing *Covington v. District of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995). The Court explained that "[w]ithout a specific fee request detailing the hours expended on the issues involved and the lawyers' hourly rates, the Court cannot determine the amount to be paid." *Id.* at 5.

On February 1, 2021, plaintiff supplemented its motion.[5] Suppl. to Mot. for Award in Resp. to Court's Order of Jan. 19, 2021 [Dkt. # 160] ("Jan. 2021 Order Resp."). Plaintiff explained that the $169,390.30 amount was calculated by taking the initial Federal Judgment amount of $293,514.44, "adding the appropriate interest and other amounts due on the judgment[,] and deducting the amount recovered from a sheriff's sale of real property owned by Timothy Day in Worcester Couty, Maryland." *Id*. at 3. But plaintiff explained there had been an error in its

4 Relatedly, the Court declined to award plaintiff the $286,275.55 it requested for the St. Mary's County judgment because doing so would be duplicative, as "the lawsuit in St. Mary's County was an effort to collect the proceeds of the same real estate transaction that were involved in the Escrow Hill Limited transfer." Jan. 19, 2021 Order at 4 n.4.

5 On June 29, 2021, LeFande filed for bankruptcy in the Southern District of Florida. *See* Voluntary Petition, *In re Matthew August LeFande*, No. 21-16320-PRD ("Case No. 21-16320") (S.D. Fla. Bk. 2022) [Dkt. # 1]. District Title, as creditor, filed a claim in the bankruptcy case. LeFande's bankruptcy was dismissed on July 8, 2022. *See* Order, Case No. 21-16320 [Dkt. # 123] at 1 ("When a debtor files bankruptcy in bad faith to continue prepetition vexatious litigation tactics, the bankruptcy court must end that debtor's misuse of the system by appropriate means at the court's disposal. Here, that means dismissal.").

previous calculation and that the correct amount due as of July 31, 2019, was $169,118.29. *Id.* With additional interest through December 31, 2020, the amount due totaled $169,128.09. *Id.*

Plaintiff also included invoices for the work its attorneys performed and later submitted additional invoices for subsequent work. Redacted Invoices, Exs. 7–11 to Jan. 2021 Order Resp. [Dkts. ## 160-7, 160-8, 160-9, 160-10, 160-11] ("Redacted Invoices"); Suppl. to Mot. for Award in Resp. to Court's Min. Order of Jan. 3, 2024 [Dkt. # 164] ("Jan. 2024 Order Resp."). In the later filing, plaintiff updated the Federal Judgment amount to $171,233.71 to reflect additional interest that had accrued, *see* Jan. 2024 Order Resp. at 3, and it later updated the Federal Judgment amount to $171,830.24 to include additional interest. *See* Resp. to Court's Min. Order of Nov. 25, 2024 [Dkt. # 166] ("Nov. 2024 Order Resp.") ¶ 13 (attaching an updated calculation of the Federal Judgment).

Plaintiff continues to seek the Federal Judgment in the amount of $171,830.24, plus attorneys' fees and costs of $262,398.86, for a total of $433,632.57.

## ANALYSIS

### I. Plaintiff is Entitled to An Award of $171,830.24 for the Federal Judgment.

In its previous order, the Court found that plaintiff was entitled to recover the outstanding judgment against Timothy Day, but it called for additional information as to how the specific amount requested was derived. Jan. 2021 Order at 4–5. Plaintiff's most recent filing details the calculations with additional post-judgment interest included, bringing the total to $171,830.24. *See* Fed. J. Amount, Ex. 3 to Nov. 2024 Order Resp. [Dkt. # 166-3] ("Fed. J. Amount"). This amount is derived as followed:

- The initial judgment in the *District Title* litigation, for which defendants Day and Warren were held jointly and severally liable, is $293,514.44;

- Pre-judgment interest[6] ($10,807.76) is added from August 22, 2014, the date of breach, to November 13, 2015, when the Court granted summary judgment, bringing the total to $304,322.20;

- Post-judgment interest[7] is added for the period from November 13, 2015, to September 21, 2016 ($514.33), bringing the total to $304,836.53;

- Payment recovered from a sheriff's sale of Day's real property in Worcester County, Maryland on September 21, 2016 ($140,000.00), *see* Sale of Real Property Report, Ex. 3 to Jan. 2021 Order Resp. [Dkt. #160-3], is subtracted, bringing the total to $164,836.53;

- Costs incurred from that sale ($1,389.32) are added, bringing the total owed to $166,225.85, *see id.*;

- Subsequent post-judgment interest from September 22, 2016, to December 15, 2024 ($5,604.39) is added, bringing the total to $171,830.24.

*Id.* Based on this calculation, and in the absence of any response from LeFande, the Court accepts plaintiff's derivation and will award plaintiff $171,830.24 in satisfaction of the Federal Judgment.

## II. Plaintiff is Entitled to an Award of $262,398.86 in Attorneys' Fees.

Plaintiff requests attorneys' fees for the work related to the *District Title* litigation, including post-judgment discovery in the underlying suit, the opening of estates for the now-deceased defendants formerly represented by LeFande, and for pleadings associated with

6 Although the Court found both Day and Warren "liable, jointly and severally, in the amount of $293,514.44," it ordered that "[e]ach defendant [] pay prejudgment interest on half of the amount of the judgment." Nov. 13, 2015 Mem. Op. at 20. The 6% rate is derived from D.C. law, which dictates that the interest rate on a debt is 6% per annum, unless specified by contract. *Id.* at 17, citing D.C. Code § 28-3302. Thus, for defendant Day, pre-judgment interest was calculated at a rate of 6% for 448 days on the amount of $146,757.22. *See* Fed. J. Amount.

7 Post-judgment interest was calculated at a rate of .41%. This reflects the "weekly average 1-year constant maturity Treasury yield . . . for the calendar week preceding the date of the judgment," the statutorily prescribed federal post-judgment interest rate. 28 U.S.C. § 1961.

LeFande's discredited bankruptcy proceeding in Florida. Jan. 2021 Order Resp. at 5–9; Jan. 2024 Order Resp. at 5–6.

The D.C. Circuit has recognized that this Court's subject matter jurisdiction over the underlying *District Title* litigation "include[s] proceedings to enforce that judgment". *In re LeFande*, 919 F.3d 554, 561 (D.C. Cir. 2019). Under District of Columbia law, a plaintiff can recover attorneys' fees in "cases where the wrongful action complained of is characterized by . . . gross fraud on the part of the defendant." *Ludwig & Robinson, PLLC v. BiotechPharma, LLC*, 186 A.3d 105, 115 (D.C. 2018), quoting *Schlein v. Smith*, 160 F.2d 22, 25 (D.C. 1947). This includes "fees in prior litigation with a third party precipitated by the tortious conduct of the present defendant." *Nepera Chem., Inc. v. Sea-Land Serv., Inc.,* 794 F.2d 688, 697 (D.C. Cir. 1986) (applying District of Columbia law).

Given the well-documented and extensive efforts by defendants and their attorney to hide assets and avoid paying the money owed to plaintiff, the Court already determined that it was "inclined to include some amount of attorneys' fees for the post-judgment enforcement efforts and discovery." Jan. 19, 2021 Order at 4. So the only issue left to determine at this point is the amount of fees. LeFande has not filed anything in this case since 2018, including any objections to the attorneys' fees requested by plaintiff. For all of these reasons, the Court will treat this portion of plaintiff's motion as unopposed and conceded as well.

"The usual method of calculating reasonable attorney's fees is to multiply the hours reasonably expended in the litigation by a reasonable hourly fee." *Bd. of Trs. of Hotel & Rest. Emps. Loc. 25 v. JPR, Inc.*, 136 F.3d 794, 801 (D.C. Cir. 1998), citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986) (citation modified). The burden to establish the reasonableness of the hours expended and the rates charged falls on the requesting

party. *See Covington*, 57 F.3d at 1107. For the number of hours expended, this burden can be satisfied by "submitting an invoice that is sufficiently detailed to 'permit the District Court to make an independent determination whether or not the hours claimed are justified.'" *Holbrook v. District of Columbia*, 305 F. Supp. 2d 41, 45 (D.D.C. 2004), quoting *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982). Meanwhile, "whether an hourly rate is reasonable turns on three sub-elements: (1) the attorney's billing practices, (2) the attorney's skill, experience, and reputation and (3) the prevailing market rates in the relevant community." *Eley v. District of Columbia*, 793 F.3d 97, 100 (D.C. Cir. 2015) (citation modified), quoting *Covington*, 57 F.3d at 1107. To establish the prevailing market rate, "attorneys' fee matrices" are a "useful starting point," and "[t]he most commonly used fee matrix is the 'Laffey Matrix.'" *Id.*, quoting *Covington*, 57 F.3d at 1109; *see* Laffey Matrix, http://www.laffeymatrix.com/see.html (last visited July 27, 2026).

Plaintiff filed two supplemental motions for attorneys' fees that detail the hours expended and rates charged by plaintiff's counsel. *See* Jan. 2021 Order Resp.; Jan. 2024 Order Resp.

**A. First Supplemental Motion – Attorneys' Fees for Work from April 2017 to September 2020**

Plaintiff's first supplemental motion requests an award of $139,472.09 for the legal work completed by plaintiff's counsel from April 2017 to September 2020 on all matters related to the *District Title* litigation. Jan. 2021 Order Resp. at 5–9. In total, plaintiff's counsel expended 395.25 hours. *Id.* at 8. While several attorneys and paralegals contributed throughout this period, the work was primarily completed by Brian W. Thompson and David H. Cox, attorneys of record for plaintiff, as well as an associate at their firm, Erica L. Litovitz. *Id.* At the time of filing, Thompson had been practicing law for 15 years, while Cox had been practicing for 43 years and Litovitz had been practicing for 8 years. *See* Decl. of Brian W. Thompson, Ex. 6 to Jan. 2021 Order Resp.

[Dkt. # 160-6]. For his work, Thompson charged $300 per hour, while Cox charged $385 per hour, and Litovitz charged $235 per hour. *Id.*

Plaintiff submitted detailed billing records that reveal the work its counsel completed, including but not limited to, drafting and revising court filings, preparing for hearings, communicating with plaintiff, and reviewing the Court's orders. *See* Redacted Invoices. The invoices can be grouped as follows:

- $96,039.62 in attorneys' fees for post-judgment discovery in Case Nos. 14-cv-01808 (the *District Title* litigation) and 17-mc-02466 (this matter), as well as for the openings of the estates of Timothy Day and Anita K. Warren;

- $32,167.85 in attorneys' fees and $1,668.50 in costs for Case No. 19-cv-02558, plaintiff's suit against LeFande for fraud; and

- $11,264.62 in attorneys' fees and costs related to the Estates of Timothy Day and Anita K. Warren.

Jan. 2021 Order Resp. at 9.

After reviewing the invoices submitted, the Court finds that plaintiff has established that the number of hours expended was reasonable and that the rates charged by plaintiff's counsel were also reasonable, as they fall significantly below the range suggested by the *Laffey* matrix. *See* Laffey Matrix, http://www.laffeymatrix.com/see.html (last visited July 27, 2026). The Court will therefore award plaintiff the requested sum of $139,472.09 in attorneys' fees and costs for the work completed by its counsel from April 2017 to September 2020.

**B. Second Supplemental Motion: Attorneys' Fees from December 2020 to April 2023**

Plaintiff's second supplemental motion requests an additional $122,926.77 for legal work completed by plaintiff's counsel from December 2020 to April 2023 for the *District Title* litigation. Jan. 2024 Order Resp. at 5. During this period, Thompson's hourly rate increased to $365 per hour while Litovitz's hourly rate increased to $300 per hour. *Id.* Plaintiff's counsel billed an

additional 150 hours over this period. Decl. of Brian W. Thompson, Ex. 5 to Jan. 2024 Order Resp. [Dkt. # 164-1] ¶¶ 9–11.

Plaintiff also hired an outside bankruptcy counsel in Florida, Phillip J. Landau, who charged rates of $550 and $600 per hour at different points throughout the proceedings. *See* Redacted Bankruptcy Invoices, Exs. 7–8 to Jan. 2024 Order Resp. [Dkt. # 164-1]. Plaintiff submitted additional billing records covering this period, *see* Redacted Invoices, Ex. 6 to Jan. 2024 Order Resp. [Dkt. # 164-1], and they can be summarized as follows:

- $26,100.50 in attorneys' fees for *District Title v. LeFande*, No. 19-cv-02558 (D.D.C. 2023), plaintiff's suit against LeFande for fraud;

- $15,715.00 in attorneys' fees related to the bankruptcy case filed by LeFande in Florida, as well as $73,725.09 in attorneys' fees paid to outside bankruptcy counsel retained by plaintiff;

- $7,009.50 for the other related actions, including this matter, general matters, and the Estate of Timothy Day; and

- $376.68 in expenses, including court costs, postage, and photocopy charges.

Jan. 2024 Order Resp. at 5–6.

The hourly rates charged by plaintiff's counsel still fall well below the *Laffey* Matrix range. *See* Laffey Matrix, http://www.laffeymatrix.com/see.html (last visited July 27, 2026). And while the outside bankruptcy counsel's rates were higher than those of plaintiff's counsel, they still comport with the *Laffey* matrix. *See CREW v. DOJ*, 142 F. Supp. 3d 1, 19 (D.D.C. 2015) (discussing a survey which found "bankruptcy litigation has the highest billing rates out of all litigation specialties" and "attorneys litigating bankruptcy cases charged an average of $777 per hour in May 2012").

The Court therefore finds the hours expended and rates charged over this period by both plaintiff's counsel and the outside bankruptcy counsel to be reasonable, and it will award plaintiff the requested sum of $122,926.77.

**CONCLUSION**

For the reasons set forth above, the Court will enter a judgment in the total amount of $434,229.10, which was calculated as follows:

(1) $171,830.24 for the Federal Judgment in the *District Title* litigation; and

(2) $262,398.86 in attorneys' fees and costs.

The remaining amount, if any, of the fine incurred by Matthew A. LeFande for his civil contempt shall be paid to the Clerk of this Court.

AMY BERMAN JACKSON
United States District Judge

DATE: July 29, 2026